UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

BILLY ROCHE,

               Plaintiff,

                                        Case No. 20-cv-556-pp

    v.

ANDREW M. SAUL,

               Defendant.

---

## ORDER GRANTING PLAINTIFF'S AMENDED MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE (DKT. NO. 6)

---

The plaintiff has filed a complaint seeking judicial review of a final administrative decision denying his claim for disability insurance benefits under the Social Security Act. Dkt. No. 1. He also filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 3. The court issued an order requiring the plaintiff to file an amended request, dkt. no. 5, and the plaintiff has filed that request, dkt. no. 6.

To allow the plaintiff to proceed without paying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i).

Based on the facts in the plaintiff's affidavit, the court concludes that he does not have the ability to pay the filing fee. The plaintiff indicates that he is not employed, he is not married, and he has no dependents he is responsible for supporting. Dkt. No. 6 at 1. The only income listed by the plaintiff is $194

1

per month in foodshare, id. at 2, and his only expenses are $194 per month in food, id. at 2-3. The plaintiff does not own a car or his home or any other property of value, and he has no cash on hand or in a checking or savings account. Id. at 3-4. The plaintiff "lives with his mom, who owns the home and pays all household expenses (although [the plaintiff] contributes to food expense with foodshare." Id. at 4. The plaintiff has demonstrated that he cannot pay the $350 filing fee and $50 administrative fee.

The next step is to determine whether the case is frivolous. A case is frivolous if there is no arguable basis for relief either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Nietzke v. Williams, 490 U.S. 319, 325 (1989); Casteel v. Pieschek, 3 F.3d 1050, 1056 (7th Cir. 1993)). A person may obtain district court review of a final decision of the Commissioner of Social Security. 42 U.S.C. §405(g). The district court must uphold the Commissioner's final decision as long as the Commissioner used the correct legal standards and the decision is supported by substantial evidence. See Roddy v. Astrue, 705 F.3d 631, 636 (7th Cir. 2013).

The plaintiff's complaint states that he was denied Supplemental Security Income and disability insurance benefits for lack of disability, that the plaintiff is disabled, and that the conclusions and findings of fact by the Commissioner when denying benefits are not supported by substantial evidence and are contrary to law and regulation. Dkt. No. 1 at 1. At this early stage in the case, and based on the information in the plaintiff's complaint, the court concludes that there may be a basis in law or in fact for the plaintiff's

appeal of the Commissioner's decision, and that the appeal may have merit, as defined by 28 U.S.C. §1915(e)(2)(B)(i).

The court **GRANTS** the plaintiff's amended motion for leave to proceed without prepaying the filing fee. Dkt. No. 6.

Dated in Milwaukee, Wisconsin this 10th day of April, 2020.

BY THE COURT:

**HON. PAMELA PEPPER**
**Chief United States District Judge**